Argued December 15, 1975, reversed February 3, 1976

CARLSON et ux, *Petitioners,*

*v.*

BUREAU OF LABOR, *Respondent.*

(No. 6-72, CA 4577)

545 P2d 620

*Gary V. Abbott,* Portland, argued and filed the brief for petitioners. With him on the brief were T. Leonard O'Byrne and Jones, Lang, Klein, Wolf & Smith, Portland.

*W. Michael Gillette,* Solicitor General, Salem, argued the cause and filed the brief for respondent. With him on the brief were Lee Johnson, Attorney General and James A. Hill, Jr., Assistant Attorney General, Salem.

Before Schwab, Chief Judge, and Howell and Lee, Judges.

LEE, J.

**LEE, J.**

This is a judicial review of an order of the state Labor Commissioner under ORS 659.060(3).[1] The order followed hearing on a complaint (ORS 659.045) (1969)[2] of unlawful racial discrimination concerning proposed sale of real property on July 24, 1971 and allowed, *inter alia,* $7,000 damages for mental suffering.

The real property involved in this proceeding is a vacant lot co-owned by the respondents since 1965. It is located across the street from their residence. The respondents testified that they bought the lot for a future building site for themselves. Later, however, respondents vacillated between selling the lot or building on it.

Complainant is a black woman who became interested in purchasing the lot. She alleged that the

[1] ORS 659.060(3) provides:

"After considering all the evidence, the commissioner shall cause to be issued findings of facts, and conclusions of law. He shall also issue an order dismissing the charge and complaint against any respondent not found to have engaged in any unlawful practice charged and an appropriate cease and desist order against any respondent found to have engaged in any unlawful practice charged."

[2] ORS 659.045 (1969) provided:

"(1) Any person claiming to be aggrieved by an alleged distinction, discrimination or restriction on account of race, religion, color or national origin made by any place of public accommodation, resort or amusement as defined in ORS 30.675 or by any person acting on behalf of such place or any person claiming to be aggrieved by a violation of ORS 345.240 or any person claiming to be aggrieved by a violation of ORS 659.033 may, by himself or his attorney, make, sign and file with the Commissioner of the Bureau of Labor a verified complaint in writing which shall state the name and address of the person, the place of accommodation, resort or amusement or the vocational, professional or trade school alleged to have committed the act complained of and which complaint shall set forth the particulars thereof. The complaint may be required to set forth in the complaint such other information as the Commissioner of the Bureau of Labor may deem pertinent.

"(2) The Attorney General or the Commissioner of the Bureau of Labor may make, sign and file a complaint in a like manner as a complaint filed under subsection (1) of this section whenever he has reason to believe that any place of public accommodation, resort or amusement or any person acting on behalf of such place has denied any person his rights under ORS 30.670 or has violated ORS 659.037 or that a violation of ORS 345.240 has occurred or that any person has violated the provisions of ORS 659.033."

respondents discriminated against her in violation of ORS 659.033(1)(a) (1969) which provided:

"(1) No person engaged in the business of selling real property shall, solely because of race, color, religion or national origin of any person:

"(a) Refuse to sell, lease or rent any real property to a purchaser."

ORS 659.031 (1969) provided:

"As used in ORS 659.033, unless the context requires otherwise:

"(1) 'Person engaged in the business of selling real property' includes:

"(a) A person who, as a business enterprise, sells, leases or rents real property.

"(b) A person who sells, leases or rents real property in connection with or as an incident to his business enterprise.

"(2) 'Purchaser' includes an occupant, prospective occupant, lessee, prospective lessee, buyer or prospective buyer."

Respondents have raised three significant issues in this appeal. They contend that (1) they were not "engaged in the business of selling real property"; (2) there was no substantial evidence from which the Labor Commissioner could conclude that they had decided not to sell complainant the lot solely because of her race; and (3) the $7,000 damages awarded to complainant for mental suffering were excessive. We reach only the first issue since we consider it to be dispositive of this appeal.

The record reveals no evidence that either of the respondents was engaged in the real estate business. Mr. Carlson was a labor relations consultant and Mrs. Carlson was a homemaker. If respondents were "engaged in the business of selling real property," it was solely because of the sale of the vacant lot in question. Their own testimony—which was uncontradicted—was that they bought the lot as a future homesite for themselves.

The complainant has emphasized testimony by one of the respondents that they hoped to make a profit on the sale of the lot. Under the facts of this case, such single transaction is insufficient to place them "in the business of selling real property." Indeed, respondents testified that the original cost and expenses of the lot exceeded the proposed sale price.

In 1973 the legislature amended ORS 659.033(1)(a) by, *inter alia,* deleting the clause "engaged in the business of selling real property." (Oregon Laws 1973, ch 714, § 7, p 1647.) This indicates to us that the legislature intended to broaden the coverage of the statute. This intent is confirmed by the further 1973 amendment of the previously set forth ORS 659.031, so that it now omits the definition of a "person engaged in the business of selling real property."

The record does not establish that the respondents were engaged in a "business enterprise" of selling property nor does it establish that the respondents sold the lot "incident to" any "business enterprise." *Cf.* ORS 659.031 (1969). In *Williams v. Joyce,* 4 Or App 482, 509-10, 479 P2d 513, 40 ALR3d 1272, Sup Ct *review denied* (1971), we considered ORS 659.031(1) (1969) and stated that:

> "* * * We construe 'business enterprise' for the purpose of this statute as it is defined in Black's Law Dictionary (4th ed 1951):
>
> 'Investment of capital, labor and management * * * for profit * * *.'
>
> We construe the use of the words 'business' and 'business enterprise' as meaning to *exclude* from the ambit of the Act those persons dealing in or with real property for reasons other than profit. * * *" (Emphasis supplied.)

We find that respondents were not "engaged in the business of selling real property" within the purview of the then relevant statutes. Therefore, the commissioner's order cannot stand.

Reversed.